**WO**                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evangelical Lutheran Good Samaritan Society,<br><br>   Plaintiff,<br><br>v.<br><br>Thomas J Betlach,<br><br>   Defendant. | No. CV-16-08169-PCT-JJT<br><br>**ORDER** |

At issue are Defendant Thomas J. Betlach's Motion to Dismiss (Doc. 13, Mot.), to which Plaintiff Evangelical Lutheran Good Samaritan Society filed an "Objection" (Doc. 24, MTD Objection), and Plaintiff's Motion to Amend/Correct Complaint (Doc. 23, MTA), to which Defendant filed a Response (Doc. 27, MTA Resp.), and in support of which Plaintiff filed a Reply (Doc. 28, MTA Reply).

At the outset, the Court must note Plaintiff's failure to passably respond to Defendant's Motion to Dismiss. While nothing precludes Plaintiff from timely amending its Complaint after Defendant has moved to dismiss, it does not absolve Plaintiff from filing a responsive memorandum opposing dismissal. While Plaintiff filed an "objection" after seeking leave to amend averring only that its Proposed Amended Complaint would mollify any deficiencies alleged in Defendant's Motion to Dismiss, this is insufficient. Plaintiff did not defend the only properly filed Complaint and the Court is warranted in granting Defendant's Motion and dismiss Plaintiff's Complaint on these grounds alone. *See Watts v. Kernan*, 336 Fed. App'x 747 (9th Cir. 2009).

1    Without the benefit of a comprehensive responsive memorandum from Plaintiff
2 contesting Defendant's arguments, the Court is largely unable to analyze Defendant's
3 Motion to Dismiss against Plaintiff's Proposed Amended Complaint. Further, in arguing
4 for and against leave to amend, it appears the parties are talking past each other. For
5 example, Plaintiff continually states that Defendant is misconstruing the case as one
6 regarding eligibility coverage, rather than reimbursement of pre-eligibility medical
7 expenses, but what consequences such distinction may have is not properly addressed.
8 (*See* MTA Reply at 6, MTD Objection at 3.) If the parties cannot agree on what the
9 gravamen of the matter is, they cannot properly argue for or against its dismissal—and it
10 greatly hinders the Court's ability to determine the same issues. If the parties indeed
11 disagree as to the claims, as well as what law and regulation apply to those claims, future
12 briefing should squarely address each. Similarly, the parties appear to disagree as to
13 whether the Complaint is meant to be brought as a putative class action or on behalf of
14 unknown parties—despite not being styled as such—and, if so, who would comprise that
15 class. (MTA Resp. at 2; MTA Reply at 4.) Defendant also makes sweeping contentions in
16 favor of dismissal under Eleventh Amendment Immunity and 28 U.S.C. § 1983 with little
17 discussion or case law, and Plaintiff fails to respond to much of the same. (*See* MTD at 8;
18 MTA Resp. at 2, 9; MTA Reply at 3-4.)

19    In short, the current briefs do not appear to directly address the same subjects and,
20 if they do, they are nonetheless unclear, making resolution impractical or impossible.
21 This is partially due to the fact that the parties' arguments regarding dismissal are
22 shoehorned into their briefing on leave for amendment and Plaintiff's failure to
23 adequately respond to Defendant's Motion to Dismiss. But it is also partially due to a
24 failure to adequately meet and confer. In his Motion to Dismiss, Defendant stated that the
25 "parties exchanged views on what [Defendant] perceived to be defects in the Complaint
26 but they were unable to resolve their differences." (MTD at 3.) After Defendant filed his
27 Motion to Dismiss, it appears at least two additional attorneys sought and were granted
28 *Pro Hac Vice* admission. (Docs. 16, 20.) Though no counsel has withdrawn, Plaintiff

affirms that a change in counsel occurred which delayed the filing of its Proposed Amended Complaint. (MTA at 3.) Regardless, new counsel appears to represent Plaintiff to some degree.

In an effort to streamline the current litigation and provide clarity—both to the parties and the Court—the Court will grant Defendant's Motion to Dismiss, with leave to amend, and Order the parties to meet and confer before the filing of an Amended Complaint. At the very least, with the benefit of conferring, Plaintiff should decide what causes of action are being pled and on behalf of whom relief is sought. After having done so, the Court will allow Plaintiff to file an Amended Complaint which remedies any deficiencies that may be cured by amendment and provides clarity to its causes of action and the law and regulations that apply to its claims. Of course, if issues remain, Defendant may then move to dismiss Plaintiff's Amended Complaint and, if Plaintiff chooses to respond, Plaintiff shall file a proper responsive pleading.

**IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss (Doc. 13), but granting Plaintiff leave to file an Amended Complaint in accordance with this Order.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend/Correct Complaint (Doc. 23) as moot.

**IT IS FURTHER ORDERED** that counsel for Plaintiff and Defendant shall meet and confer regarding the remaining alleged defects in Plaintiff's Proposed Amended Complaint, and Plaintiff shall file a certificate of conferral prior to or contemporaneously with its Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint no later than 30 days from the date of this Order. If Plaintiff fails to timely file, the case will be dismissed without further notice of the Court.

Dated this 1st day of February, 2017.

Honorable John J. Tuchi
United States District Judge